### GEORGE F. HARDING

*v.*

### FRANK A. HELMER, Receiver, *et al.*

*Opinion filed October 24, 1901—Rehearing denied December 14, 1901.*

ACCOUNTING—*when defendant is not entitled to set off claim for legal services.* In accounting against one who, having been employed as attorney by a corporation to defend it against certain claims, fraudulently consented to their allowance in consideration of his receiving a share of the amount paid to the holders thereof, the defendant is not entitled to set off his claim against the corporation for attorneys' fees for undertaking to render services in the transaction against the amount so fraudulently received by him.

*Harding* v. *Helmer*, 86 Ill. App. 190, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on consolidated appeal from and writ of error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

ANDREW J. HIRSCHL, (GEORGE F. HARDING, *pro se,*) for appellant.

TENNEY, MCCONNELL, COFFEEN & HARDING, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This cause was before us at a former term, under the style of *Farwell* v. *Great Western Telegraph Co.* 161 Ill. 522. The opinion then rendered, which covered pages 531 to

620, inclusive, of said volume of Reports of the opinions of this court, treated the facts of the case and the law involved in detail and exhaustively. Under the remanding order then entered, the cause was re-docketed for further proceedings in accordance with the conclusion announced in the opinion, and on November 1, 1896, the chancellor entered an interlocutory decree making the findings as directed in the opinion of this court, and ordering the cause should be referred to master in chancery Cooper for the following purposes, (so far as it is necessary to here note the same,) viz.: The master shall charge Sutherland $17,681.31 and legal interest from November 27, 1880, and shall charge Harding (the appellant) $7622.42 and legal interest from the same date, and Gray $1637.15 with legal interest from the same date, and report to the court the amounts due, on this basis, to the date of his report; and against these sums said master is not to allow to any of said parties any set-off or deduction of any kind. The sums só ascertained, when collected, are to be held as the property of the corporation, and distributed as the same may be hereafter determined. The master shall ascertain and report present owners of unpaid claims against the company, and which of said claims are or have been, directly or indirectly, in whole or in part, owned or held by receivers, Sutherland, Harding, Bennett or Adelaide K. Sutherland, and what interest they have in said claims. The master shall report what amounts have been collected by Harding, Bennett and McClellan on their claims, and state an account with Harding and McClellan, charging them with same, and with six per cent interest, except said amounts received from sale of the lines, and crediting with amount found due on said claims and stating balance due, and Harding and McClellan are directed to present verified statements of the amount so collected. And as to any claims which Harding or Bennett have bought, the master is directed to treat such interest as extinguished, except as to such

sums as shall have been actually shown to have been paid in good faith therefor. The master is directed to take evidence with reference to the matters aforesaid, and report the same to this court together with his conclusions thereon, and on the coming in of the report this court will enter such further order and decree herein as may be just and proper. The court holds that defendants Harding, Sutherland and wife, Gray, and Helmer, as receiver, shall pay all costs in this case up to date.

Under this reference the parties appeared and presented their proofs. The master submitted his report to the court on June 30, 1897. Objections presented thereto were settled by the chancellor and a final decree entered. From that decree the appellant prosecuted an appeal to the Appellate Court for the First District and also a writ of error out of the Appellate Court, and the appeal and writ of error were consolidated and submitted for decision together. The decree of the chancellor was affirmed, and said Harding has by his further appeal brought the record into this court for review.

The final decree, so far as it affects the appellant, Harding, ordered and decreed that Harding should pay the appellee receiver the sum of $15,068.84, and should pay one-fourth of the costs of the proceeding. The amount decreed to be paid by Harding was arrived at in the following manner: The court, in the interlocutory decree, found, as in pursuance of the rulings of this court in remanding the cause, that the sale of the lines of the Great Western Telegraph Company March 18, 1880, by Wait, master, to Whiton, trustee, for Sutherland, Harding, Gray and others, approved March 19, 1880, in the Terwilliger case, was procured by fraud and imposition practiced by said Harding and Sutherland in furtherance of the contract of June 18, 1879, and by the parties thereto, (including the appellant, Harding,) the said Harding and Sutherland prevented competition at said sale and secretly contracted to procure title to said

lines and sell the same, carried out by Whiton, trustee, to the telegraph company, November 7, 1880, for $40,000. The net amount received was $36,216.68, which money belonged to said Great Western Telegraph Company and its receiver for the benefit of its *bona fide* creditors and stockholders; that appellant, Harding, received $7622.42 of the proceeds of this sale, and that because of his fraudulent acts and betrayal, as an attorney, of the interest of his client, the Great Western Telegraph Company, and the deceit and fraud practiced by him and said Sutherland on the master in chancery and the court, and in preventing a fair sale of the lines of said telegraph company, as declared by this court and explained in the former opinion, the court decreed said Harding should pay to the receiver of the company the said amount of $7622.42, together with interest at six per cent to the date of the final decree. The master reported such sum, with the interest thereon, amounted to the sum of $15,068.84.

The contention of the appellant seems to be, that the claim in his favor against the telegraph company, included in the claims which were the subject matter of the agreement of June 18, 1879, set out in full in the former opinion of this court, (161 Ill. 545-553,) should have been set off in his favor against the claim in favor of the receiver for the amount received by the appellant from the proceeds of the sale of the lines of the telegraph company. The appellant asserts his claim, in the main, consisted of bonds of the telegraph company secured by trust deed mortgaging the property of the company (the lines which were sold) for the payment of the bonds, and he therefore insists his claim was a lien on the property which was sold,—the lines of the telegraph company,— and that he should, in the accounting, be allowed to set off the same against the proceeds of the sale of the lines of the company which had, as aforesaid, come to his hands. The view of the master and of the chancellor was, that the evidence established the claim of ap-

pellant, Harding, for which he had received the bonds of
the telegraph company, was for services to be rendered,
in his capacity as an attorney at law, as counsel for the
telegraph company in defending the company against
the particular claims which he, by the agreement here-
inbefore mentioned, fraudulently consented should be al-
lowed against the company on condition he should share
in the amount received from the company by the holders
of such claims, and for that reason held the appellant
had forfeited his right as a holder of said bonds of the
company.    That the appellant was guilty of such fraud-
ulent practices and such betrayal of the rights and inter-
ests of his clients cannot, in view of the former opinion
of this court, be regarded as an open question. · We then
held the evidence fully warranted the conclusion that
the claims against the company in favor of the appel-
lant, mentioned in the agreement, whether in the shape
of bonds or an open account, were for fees for his under-
taking to render services as attorney and counselor at
law to the telegraph company in defense of the claims
which the agreement which he entered into provided
should be allowed against the receiver of the company
and the proceeds of their collection divided between the
appellant, Harding, and the other fraudulent conspira-
tors to the agreement.    Argument seems superfluous to
establish the correctness of the decree refusing to allow
the set-off in favor of the appellant, as claimed by him.
The decree is in accordance with the conclusions ex-
pressed by this court, so far as here involved, when the
former opinion was rendered, and is, in·our judgment,
fully supported by the proofs taken and preserved in the
record bearing on all other points.    The costs, in equity
proceedings, rest largely in the discretion of the chan-
cellor.    That discretion was not abused or unjustly ex-
ercised in this instance.

The decree is affirmed.                *Decree affirmed.*